[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its pendency have been met. CT Page 1962
The parties intermarried in Greenwich, Connecticut, on April 15, 1972. There are two children, issue of the marriage — Scott, born June 30, 1976 and Jamie, born September 30, 1977.
The marriage has broken down irretrievably, with no hope of reconciliation. It is dissolved.
The plaintiff blamed the defendant for the breakdown. He testified that there was not enough appreciation in her life, that he could not fulfill what she wanted in life, a bigger house, a ski chalet, a job that brought him home every night at 5:00 P.M. and that he made every effort to make things work.
However, the court finds that the plaintiff was wholly at fault for the breakdown. He made his job the No. 1 priority in the marriage. The defendant and his children were way down the list of priorities. They were pushed aside for the job. The defendant tried to make the marriage work. At first she did not want the divorce — Now she does.
Custody of the two children shall be jointly with the parties. They shall reside with the defendant and the plaintiff shall have reasonable and liberal visitation on alternate holidays, and two weeks during the children's school vacations each year, one week of which shall be in the summer months.
The plaintiff shall pay support in the amount of $102.50 per week per child until such time as each child shall reach the age of 18; is married or emancipated, whichever comes first.
The plaintiff shall pay alimony in the amount of $1.00 per year terminating on the defendant's death or remarriage.
Each party shall maintain medical and dental insurance as it is available through their employment for the benefit of the children. The parties shall share equally all uninsured and unreimbursed medical, dental, orthodontia, orthopedic, ophthalmology, hospital, psychiatric, psychological and therapeutic expenses.
For so long as he is obliged to pay child support, the plaintiff shall maintain life insurance for the benefit of the children in the face amount of $100,000.
The defendant and the children may occupy the family residence at 663 Woodruff Road, Milford, Connecticut until 12 CT Page 1963 years from the date of this Memorandum of Decision at which time the premises shall be sold. During the time the defendant occupies the premises and until it is sold, she shall pay both mortgages on the property when due, one of which is the existing Home Equity Loan, the taxes when due, the insurance when due, all minor repairs, maintenance and the upkeep of the premises. Until the property is sold each party shall pay 50% of any repair to the premises costing over $500. When the premises are sold the net proceeds shall be divided 25% to the plaintiff and 75% to the defendant. Both parties shall execute a Notice to Union Trust Company to waive their rights to obtain use of or incur liabilities or obligations for, any further funds available by way of the Home Equity Loan and a further notice of the same shall be filed on the land records of the City of Milford.
The defendant shall transfer to the plaintiff any and all interest in the Pitney Bowes stock whether it is in her name or the children's and she shall waive all of her interest in the plaintiff's pension, his profit sharing and his 401K plan.
The defendant shall maintain the custodial accounts for the children and shall apply said funds towards their college education expenses.
The plaintiff shall retain all funds in his savings account and his credit union account.
The defendant shall retain her IRA and her credit union and the joint savings account at City Trust Bank.
Each party shall assume liability for the debts listed on their respective financial affidavits and shall indemnify and hold the other harmless therefrom.
The plaintiff shall pay the defendant $2500 towards the fees of her counsel within 60 days of this Memorandum of Decision.
The plaintiff shall own the 1987 Honda Accord and shall be responsible for the payment of any balance of the car loan on it. The defendant shall own the 1987 Plymouth Voyager Van.
The plaintiff is awarded the personal property to which the defendant stated she had no objection during the trial and she shall allow the plaintiff to remove such personal property from the family home on 24 hour notice. The Family Relations Department shall make a study of and report its findings as to all other items of personal property requested CT Page 1964 by the plaintiff and the court shall retain jurisdiction of such matter.
The plaintiff's request for counselling for the children is denied.
The plaintiff shall be entitled to take the son, Scott, as an exemption for income tax purposes and the defendant shall be entitled to take the daughter, Jamie, as an exemption for income tax purposes.
THOMAS J. O'SULLIVAN, TRIAL REFEREE